9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack PETREY, Petitioner-Appellant,
v.
William DALLMAN, Supt., of the Lima Correctional
Institution, Respondent-Appellee.
 No. 93-3243.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Jack Petrey, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Petrey in January 1988 for felonious assault, with a gun specification, possession of a dangerous ordnance, and possession of criminal tools. The court sentenced him to a term of five to fifteen years for the felonious assault, plus three years' actual incarceration for the gun specification, and one and one-half years' imprisonment on each of the possession charges. The sentences for the possession convictions were to run concurrently with one another, and consecutive to the sentence for assault. The Ohio Court of Appeals vacated Petrey's conviction and sentence for possession of criminal tools, but affirmed the remaining convictions. The Ohio Supreme Court affirmed the Court of Appeals decision.
 
 
 4
 Petrey filed his current petition for a writ of habeas corpus alleging that: 1) the trial court erred in permitting the prosecution to introduce irrelevant prejudicial "other acts" by petitioner; 2) the trial court erred in permitting the state to impeach its witness, and compounded the error by failing to give limiting instructions; 3) the prosecutor improperly made statements to mislead the jury when he repeatedly referred to petitioner's possession of other weapons; and 4) petitioner's counsel was ineffective when he did not keep improper evidence from the jury, did not preserve valid issues for appeal, and did not adequately prepare for trial. A magistrate judge concluded that Petrey had exhausted his available state court remedies (with no objection from the respondent), and found that any errors in the proceedings were harmless because there was sufficient evidence to support Petrey's conviction; he thus recommended that the district court dismiss the petition. Over Petrey's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Petrey has filed a timely appeal, and a motion to appoint counsel.
 
 
 5
 Upon review, we affirm the district court's judgment because Petrey has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). None of the first three claims of evidentiary error and prosecutorial misconduct rise to a level of constitutional magnitude, as petitioner was not denied a fundamentally fair trial, see Donnelly v. DeChristoforo, 416 U.S. 637, 644-45 (1974); Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988), and the errors did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). The record likewise does not reflect that counsel's assistance fell outside the wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation